THE JAS. A. DUMONT.[1]

THE FRAMMAS WARSAKTIEBOLAG *v.* THE JAS. A. DUMONT.

*(District Court, S. D. New York.   March 7, 1888.)*

1. COLLISION — MEASURE OF DAMAGES — STIPULATION OF CHARTER-PARTY FOR
DEMURRAGE.
   The stipulations of a charter-party as to the rate of demurrage are not competent legal evidence in favor of the ship-owner, in an action brought by him against third persons for damages by collision.

2. SAME—VALUE OF USE OF VESSEL—EVIDENCE.
   The amount to be allowed for the detention of a vessel is the value of her use, and evidence of the expenses of the voyage and the time it has taken, including loading and unloading, is competent evidence to show the net value of the vessel per day.

3. SAME—WHARFAGE—COMMISSIONS—INTEREST.
   A charge for wharfage and necessary commissions, and interest are proper items of damage, and when not included in the demurrage charge, should be allowed as a separate item.

In Admiralty.   On exceptions to commissioner's report.

As the bark Maria Margaretta was lying at anchor ready for sea, she was injured in collision by the respondent's vessel.   She had been chartered for a voyage from New York to Callao, and in consequence of the collision was obliged to put back to New York, and report for repairs. The damages have been assessed by the commissioner at $1,451.30, besides interest, including demurrage for 14 days, at the rate of $40 per day. The charter provided for demurrage at the rate of 4d. per ton per day, amounting to $59.70 per day.   The claimants, to prove the value of the use of the vessel, gave evidence of the expenses of the voyage, the time it' had taken, including loading and unloading, showing that the net value of the vessel per day was less than $30.   The amount paid by the vessel for wharfage during the detention caused by the collision amounted to $40.10.   Both sides filed exceptions.

*H. Putnam*, for libelant.

*Carpenter & Mosher*, for respondent.

BROWN, J.   The charge for wharfage, as an expense made necessary by the collision, should have been allowed.   When the charter rate of demurrage is adopted, and that rate is shown to include the charge for wharfage, it is, of course, disallowed as an additional item.   *The C. P. Raymond*, 28 Fed. Rep. 765.   As the charter rate of demurrage was not in this case adopted by the commissioner, the wharfage should have been allowed; and it was undoubtedly omitted only by accident.   The stipulations of a charter as to the rate of demurrage is not, I think, competent legal evidence in favor of the owner, in an action brought by him against third persons for damages by collision.   Such stipulations are *res inter alios actæ*, and are not necessarily based on the supposed value of the vessel alone.   Upon this point the commissioner justly observes

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

that "though the rate of 4d. per ton is customary in these charter-parties, it is probably in many cases a liberal estimate somewhat in the nature of a penalty, which the charterer can avoid by the exercise of diligence." The damages in collision cases are to be fixed upon the basis of *restituo in integrum.* The amount to be allowed for the detention of the vessel is the value of her use. *Williamson* v. *Barrett*, 13 How. 101; *The Potomac*, 105 U. S. 631. But the stipulations of a charter to third persons, as respects demurrage, when offered by the owner in his own favor, stand in no better position, it seems to me, than the owner's declarations, which, though competent against him, are not legal evidence in his own behalf. *The Hermann*, 4 Blatchf. 441. For the same reason the customary rate fixed by the regulations of the Produce Exchange of this city are not of themselves competent evidence.

On examination of the testimony I am satisfied that the commissioner properly took into consideration the claimant's evidence as respects the value of the use of the vessel. This evidence was competent. *The Potomac, supra; The Heroine*, 1 Ben. 227. Taking into account all the expenses of the ship and crew, the necessary repairs, and the ordinary depreciation upon her voyages, I think the sum of $40 per day for this bark of 740 tons register a fair and just allowance. Although the rate charged by the stevedore was somewhat higher than in ordinary cases, in view of the special circumstances which affected the reasonableness of the charge the commissioner's conclusion should not be disturbed. Some additional charges for an unnecessary third captain as surveyor, an unreasonable allowance to the diver, and a brokerage charge in addition to the usual percentage of 5 per cent., should have been disallowed. The case of *The Williams*, 15 Fed. Rep. 558, is not applicable to an expense actually and necessarily incurred by the vessel. These, together, offset the sum of $40.10 that should have been allowed for wharfage.

The other exceptions I cannot sustain. The amount reported should therefore stand without change. By the practice of this court interest is allowed, and the report should therefore be confirmed. I cannot find that the litigation has been so unreasonable as to change the ordinary rule as to costs.